UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2023
```

In re:
WANSDOWN PROPERTIES
CORPORATION, N.V.,

                Debtor.

WANSDOWN PROPERTIES
CORPORATION, N.V.,

                Plaintiff-Respondent,

- against -

AZADEH NASSER AZARI,

                Defendant-Appellant.

22 Civ. 10486 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Appellant, Azadeh Nasser Azari, appeals from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dated November 16, 2022 (the "Order"), ECF No. 1-1, and a decision from the Bankruptcy Court dated November 7, 2022 (the "Decision"), ECF No. 1-2. ECF No. 1. The Decision denied Azari's motion for summary judgment, and granted the motion of Respondent, Wansdown Properties Corporation, N.V. ("Wansdown"), for partial summary judgment as to Azari's affirmative defenses of unclean hands and fraud. *See generally* Decision. The Order entered partial judgment for Wansdown for the reasons outlined in the Decision. *See generally* Order. Before the Court is Azari's motion "for leave to appeal part of the . . . interlocutory Order, and the . . . [D]ecision incorporated by reference . . . denying Azari's motion for summary judgment to dismiss . . . Wansdown['s] claims under [11 U.S.C. §] 544(b) of the Bankruptcy Code[.]" Appellant Mem. at 1, ECF No. 4; *see also* ECF Nos. 3, 8. For the reasons stated below, Azari's motion for leave to appeal is DENIED.

## BACKGROUND

The facts of this appeal are thoroughly discussed in the Decision, and, therefore, the Court sets forth only those facts which are relevant to this order.

Wansdown is a Curaçao corporation that managed assets on behalf of Princess Ashraf Pahlavi (the "Princess"), the twin sister of the late Shah of Iran. Decision at 2. After the Iranian Revolution in 1979, the Princess was expelled from Iran and lived in various properties around the world. *Id.* One of those properties was 29 Beekman Place in Manhattan, a seven-story townhouse (the "Townhouse"), which Wansdown owned and was the corporation's principal asset. *Id.* Wansdown hired Azadeh Nasser Azari to "work on various matters for the Princess" under the supervision of Gholam Reza Golsorkhi. *Id.* The Princess died on January 6, 2016. *Id.*

After the Princess's death, Azari received a confession of judgment signed by Golsorkhi "purporting to grant . . . Azari at her option either a lump sum of $2,700,000 or an open-ended recurring monthly $9,000 payment for her 'competence,' 'diligence[,]' and 'loyalty' in working for [Wansdown] and the Princess." *Id.* Azari filed the confession in New York state court on February 12, 2016, and a lien was subsequently created on the Townhouse for the amount of the confession on April 21, 2016. *Id.* Wansdown then attempted to unsuccessfully void the confession. *Id.* at 2–3. To satisfy the confession, Azari obtained authorization for a sheriff's sale of the Townhouse. *Id.* at 3. On October 8, 2019, the day before the scheduled sale of the Townhouse, Wansdown filed for bankruptcy under Chapter 11 of the Bankruptcy Code. *Id.* at 3.

On December 18, 2019, Wansdown began an adversary proceeding against Azari, claiming that the obligation to pay Azari was a voidable transfer under 11 U.S.C. § 544(b) of the Bankruptcy Code. *Id.* Azari filed a motion for summary judgment on April 26, 2022. *Id.* at 6. The Bankruptcy Court held oral argument on August 18, 2022, reserved decision, and issued the Decision on November 7, 2022. *Id.* As relevant here, the Decision denied Azari's motion for summary judgment,

holding that because "there is at least one creditor who could benefit from [Wansdown's] avoidance action," "eligible creditors have not been paid yet under the confirmed plan[,] and at least some of those claims are impaired, [Wansdown] has the right to pursue its cause of action under [§] 544(b)" (together, the "Issue"). *Id.* at 15–16. The Order summarized the Decision's findings and entered partial judgment for Wansdown as to two of Azari's affirmative defenses. *See* Order.

## DISCUSSION

### I.     Legal Standard

District courts exercise appellate jurisdiction over final bankruptcy court orders. *See* 28 U.S.C. § 158(a)(1). "Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020) (cleaned up); *see also In re Barnet*, 737 F.3d 238, 244 (2d Cir. 2013). A district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court. 28 U.S.C. § 158(a)(3).

"[C]ourts [in] this Circuit generally apply the standard for certifying an interlocutory appeal set forth in 28 U.S.C. § 1292(b) to determine whether to exercise discretion under 28 U.S.C. § 158(a)(3)." *In re LATAM Airlines Grp. S.A.*, No. 22 Civ. 2556, 2022 WL 1471125, at *10 (S.D.N.Y. May 10, 2022). "Under [§] 1292(b), leave to appeal should be granted only if the relevant order[:] (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (quotation marks omitted) (citing 28 U.S.C. § 1292(b)). "This standard is strictly applied as interlocutory appeals from bankruptcy courts' decisions are 'disfavored' in the Second Circuit." *In re Liddle & Robinson, L.L.P.*, No. 20 Civ. 865, 2020 WL 4194542, at *4 (S.D.N.Y. July 21, 2020) (citation omitted); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529–30 (S.D.N.Y. 2014) ("[O]nly exceptional circumstances

will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." (cleaned up)).

II. Analysis

Azari argues that "[Wansdown] had no right to file this [a]ction on behalf of creditors when its debt-to-equity ratio confirms that [Wansdown] had sufficient capital to pay the creditors." Appellant Mem. at 15 ¶ 51. In particular, she contends that "[u]nder these circumstances, any litigation would only inure to the benefit of [Wansdown] or the professionals it hired, rather than the creditors who would not stand to gain anything from a litigation." *Id.* at 16 ¶ 52. Azari argues that the Bankruptcy Court erred in "not conduct[ing] any analysis of how [Wansdown's] creditors would benefit from [Wansdown's] unnecessary [§] 544(b) action at the time of the petition." *Id.* at 16 ¶ 53. Citing *Whiteford Plastics, Co. v. Chase National Bank of New York City*, 179 F.2d 582 (2d Cir. 1950), and *In re Vintero Corp.*, 735 F.2d 740 (2d Cir. 1984), Azari contends that the Bankruptcy Court's analysis is incomplete. *See* Appellant Mem. at 16 ¶ 53. Azari also argues that she "satisfies all three . . . elements required for . . . leave to appeal." *Id.* at 19 ¶ 61.

Wansdown contends in its opposition papers that the Bankruptcy Court did complete that analysis and that Azari's argument "involves a review of factual issues in the case or, at the very least, mixed questions of law and fact." Resp't Opp. at 15 ¶ 46, ECF No. 6.[1] Azari argues that the Bankruptcy Court's ruling on "the standing issue was wrong, and the [B]ankruptcy [C]ourt should have taken its analysis a step further and determined whether the [a]ction—at the time of the petition, or even when it was filed—benefitted the creditors[.]" ECF No. 10 at 11–12 ¶ 33. Azari contends that "a determination of whether the [a]ction benefitted creditors would not require an extensive review of the factual record" because "the Court would [only need to] review [Wansdown's] schedules . . . and take judicial notice of [Wansdown's]. . . liabilities . . . and [Wansdown's] publicly-

---

[1] Wansdown also argues that Azari does not otherwise satisfy the standard for leave to appeal. Resp't Opp. at 16–24.

4

filed pre-bankruptcy contract . . . for the sale of [the] Townhouse[.]" *Id.* at 12 ¶ 34 (emphasis omitted).[2]

The Court declines to grant leave to appeal. *In re Liddle & Robinson, L.L.P.*, 2020 WL 4194542, at *4 ("District court judges have broad discretion to deny certification even where the statutory criteria are met." (citation and alteration omitted)). Azari has failed to demonstrate that "there is substantial ground for difference of opinion" on the Issue. 28 U.S.C. § 1292(b); *In re Anderson*, 550 B.R. 228, 238 (S.D.N.Y. 2016) ("Mere conjecture that courts would disagree on the issue or that the court was incorrect in its holding is not enough . . . there must be 'substantial doubt' that the [bankruptcy] court's order was correct." (citations omitted)). Although the Court need not address the two remaining statutory criteria, the Court finds that the following considerations weigh against Azari's motion for leave to appeal from an interlocutory order. First,

> [t]o advance a successful [§] 1292(b) motion, a legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.

*Louis Vuitton Malletier, S.A. v. Hyundai Motor Am.*, No. 10 Civ. 1611, 2012 WL 1481510, at *2 (S.D.N.Y. Apr. 27, 2012) (quotation marks omitted). Azari's assertion that

> the appeal will have precedential value for the rights of creditors of solvent corporations by prohibiting, or at least deterring, such corporations from using creditors as shill plaintiffs in adversary proceedings to further their own litigation agenda, rather than for the creditors' benefit,

Appellant Mem. at 18 ¶ 58, is unsupported. Azari's proposed question, which is intricately tied to the context of this case, is of "limited applicability" to other cases. *Louis Vuitton Malletier, S.A.*, 2012 WL 1481510, at *2. In addition, "[p]recedential value is not per se sufficient to meet the controlling issue of law standard." *In re Facebook, Inc.*, 986 F. Supp. 2d at 537 (quotation marks omitted). The Court shall, therefore, not deviate from the federal practice "strongly disfavor[ing] discretionary

---

[2] Azari did not include a request for judicial notice in her opening papers. The Court shall not consider arguments raised for the first time on reply.

interlocutory appeals[.]"  *In re Lehman Bros. Holdings Inc.*, No. 13 Civ. 2211, 2014 WL 3408574, at *1 (S.D.N.Y. June 30, 2014).

The Court also concludes that Azari has not established that there are "exceptional circumstances" that warrant leave to appeal.  *In re Liddle & Robinson, L.L.P.*, 2020 WL 4194542, at *4; *see also In re Lehman Bros. Holdings Inc.*, 2014 WL 3408574, at *1 ("The Second Circuit has noted that Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to rule on ephemeral questions of law that might disappear in the light of a complete and final record." (cleaned up)).  Accordingly, Azari's motion for leave to appeal is DENIED.

## CONCLUSION

For the reasons stated above, Azari's motion for leave to appeal is DENIED, and this action is DISMISSED for lack of jurisdiction.  The Clerk of Court is directed to terminate the motions at ECF Nos. 3 and 8, and to close the case.

SO ORDERED.

Dated: May 24, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge